Weygandt, C. J.
 

 The single question presented is whether under circumstances such' as above related a county board of education is authorized to employ teachers without the approval of the superintendent of the children’s home.
 

 It is agreed that such approval is necessary when appointments are made by the local board under Section 7676, General Code. The issue lies in the interpretation of Section 7610-1, General Code, which reads in part as follows:
 

 “If the board of education in a district under the supervision of the county board of education fails to provide sufficient school privileges for all the youth of school age in the district, or to provide for the continuance of any school in the district for at least thirty-two weeks in the year, or to provide for each school an equitable share of school advantages as required by this title, or to provide suitable school houses for all the schools under its control, or to elect a superintendent or teachers, or to pay their salaries, or to pay out any other school money, needed in school administration, or to fill any vacancies in the board within the period of thirty days after such vacancies occur,
 
 *83
 
 the county hoard of education of the county to which such district belongs, upon being advised and satisfied thereof, shall perform any and all such duties or acts, in the same manner as the board of education by this title is authorized to perform them * * *.”
 

 The crux of the dispute is found in the words “in the same manner as the board of education by this title is authorized to perform them.” Does this language constitute a general instruction to the county board, or does it inferentially require the approval of the superintendent whenever that board is called upon to employ teachers after the failure of the local board to do so?
 

 One test of statutory construction is the purpose of the Legislature as disclosed by related sections of the Code. A study of these statutes indicates that the chief objective was the maintenance of an efficient system of educational facilities throughout the entire state of Ohio. Obviously this purpose could not be effectuated if it were possible for a superintendent to prevent the selection of teachers. This court is of the opinion that any doubt must be resolved in favor of the construction that will provide a practical method for keeping the schools open and in operation.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Stephenson and Jones, JJ., concur.
 

 Bevis, J., not participating.